## KNAPP *v.* COX.

In an action against a sheriff for a false return of an attachment, a declaration alleging that the return was false, in this, that the sheriff made no attachment, but also alleging facts which show that the return was true, is bad on demurrer.

CASE, against a sheriff for a false return made by K., one of his deputies. The declaration charged that, in an action brought against the plaintiff by W., the deputy made return on the writ that he attached certain hay and wood, and left an attested copy of the writ and of his return of attachment thereon at the dwelling-house of the town-clerk ; that the suit was entered in court, and is still pending ; that since the date of said attachment, said hay and wood have been in the custody of K., as such deputy, and the plaintiff, by reason of such pretended attachment, has been deprived of all control and power to dispose of the same ; and that the return is false in this, that K. did not attach said property. The defendant demurred. K. never had any actual possession or control of the property.

*Shirley,* for the defendant. The declaration contradicts itself, and shows no cause of action. It alleges that the return is false because no attachment was made, and that the deputy did everything necessary to make an attachment.

*Putnam,* for the plaintiff. The declaration does not allege that the deputy did everything necessary to make an attachment; and the case shows that he made no attachment because he took no actual possession or control of the property. *Scott* v. *M. Print Works,* 44 N. H. 507. The declaration alleges, and the case shows, that the return is false. And the return, though false, is conclusive between the

parties and their privies, and by it this plaintiff is deprived of all right to control and power to dispose of the property, as he would be by a valid attachment *(Brown* v. *Davis,* 9 N. H. 76; *Angier* v. *Ash,* 26 N. H. 105; *Messer* v. *Bailey,* 31 N. H. 9; *Treadwell* v. *Brown,* 43 N. H. 290, 292; *Cooper* v. *Newman,* 45 N. H. 339; *Morse* v. *Smith,* 47 N. H. 474), and he is necessarily injured by the falsity of the return. He cannot sell the property, nor use it, nor prevent its going to waste.

FOSTER, J. The plaintiff contends that the return is false, in this, that the defendant did not take that possession or control of the property without which there could be no attachment. But the averment of the declaration, that since the date of the attachment the hay and wood have been in the custody of the defendant as a deputy sheriff, must be understood to mean that the defendant took the necessary possession. The attachment is afterwards called a " pretended attachment; " but the declaration is not made good by the inconsistency of averment and epithet.

*Demurrer sustained.*

STANLEY, J., did not sit.